IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOHN DOE 1, A MINOR, by and through his legal guardians, JOHN DOE 2 and JANE DOE, and JANE DOE and JOHN DOE 2 in their individual capacities,<br><br>Plaintiffs,<br><br>v.<br><br>ST. JOHN'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS,<br><br>Defendant. | No. 16-3172 |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiffs John Doe 1, a minor, by and through his legal guardians John Doe 2 and Jane Doe, and Jane Doe and John Doe 2 in their individual capacities, move to strike the affirmative defense of contributory negligence filed by Defendant St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis (St. John's). Because contributory negligence is not an affirmative

defense to a claim of discrimination under the Rehabilitation Act, the Motion is GRANTED.

## I. BACKGROUND

In June 2016, Plaintiffs filed a Complaint against St. John's under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Plaintiffs seek declaratory relief and compensatory damages. See Compl. ¶ 32 (alleging that as a proximate result of St. John's violations of the Rehabilitation Act, St. John's has "inflicted injury and damages upon Plaintiffs, including loss of a civil right, mental anguish, humiliation[,] and mental pain and suffering"). The Complaint contains the following allegations.

Plaintiff John Doe 1 is the 14-year-old son of Plaintiffs Jane Doe and John Doe 2. Jane Doe and John Doe 2 are profoundly deaf and communicate primarily through American Sign Language. They both have limited understanding of written English and do not have the ability to lip read. St. John's is a regional medical center located in Springfield, Illinois, and is a recipient of federal funds within the meaning of the Rehabilitation Act.

Plaintiffs allege that, in November 2015, John Doe 1 was taken to Passavant Hospital and then transferred to the St. John's

emergency room for acute and unexplained seizures and vomiting. Two days into his hospital stay, John Doe admitted to his mother that he had taken a classmate's attention deficit hyperactivity disorder (ADHD) medication.

Plaintiffs allege that St. John's discriminated against Jane Doe and John Doe 2 by failing to provide them with auxiliary aids and services to allow them to effectively communicate with the medical staff while John Doe 1 was hospitalized.  Plaintiffs also allege that St. John's discriminated against John Doe 1 on the basis of his parents' disabilities by denying John Doe 1 the full and equal enjoyment of facilities, equipment, and health care services by failing to provide auxiliary aids and other assistance to John Doe's parents, instead relying on John Doe 1 to facilitate communication between the medical staff and his parents.

In August 2016, St. John's filed its Answer.  In its Answer, St. John's raised as an affirmative defense that John Doe 1 was contributorily negligent because he took a classmate's ADHD medication and, had he not done so, he would not have suffered any medical effects that would have required medical attention. St. John's asserts that John Doe's conduct constitutes negligence

that proximately contributed to the injuries alleged as to all of the Plaintiffs.

## II. JURISDICTION

This Court has subject matter jurisdiction because Plaintiffs' claims are based on the Rehabilitation Act, 29 U.S.C. § 794, a federal law.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  Venue is proper because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.  28 U.S.C. § 1391(b)(2).

## III. LEGAL STANDARD

When a defendant responds to a pleading, the defendant must affirmatively state any avoidance or affirmative defense. Fed.R.Civ.P. 8(c).  Rule 8(c) specifically lists contributory negligence as an affirmative defense that must be pled.

Pursuant to Rule 12(f) of the Rules of Civil Procedure, the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).  Motions to strike are generally disfavored

because such motions often only delay the proceedings.  See Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989).  However, if a motion to strike removes unnecessary clutter from the case, then the motion serves to expedite, not delay, the proceedings.  Id.

### IV. ANALYSIS

Plaintiffs move to strike St. John's affirmative defense on the ground that contributory negligence is not a cognizable affirmative defense for a violation of the Rehabilitation Act.

St. John's argues that, to obtain compensatory damages, Plaintiffs will have to show a causal connection between the discrimination they allegedly experienced and the suffering they claim to have endured.  However, any parent who is in the hospital with a child will experience some mental anguish, mental pain, and suffering.  St. John's asserts that any mental anguish, mental pain, or suffering Plaintiffs experienced was also caused by John Doe 1's ingestion of ADHD medication and was exacerbated by John Doe 1's failure to earlier tell anyone about that ingestion.

Although neither the parties nor the Court could find a case precisely on point, the Court concludes that contributory

negligence is not an affirmative defense to a claim of discrimination under the Rehabilitation Act.

Section 504 of the Rehabilitation Act prohibits discrimination against the disabled, stating: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]"  29 U.S.C. § 794(a); see also § 794 (b)(3))A)(ii) (defining program or activity to include the operation of a corporation engaged in the business of providing health care).  The regulations provide that "[a] recipient hospital that provides health service or benefits shall establish a procedure for effective communication with persons with impaired hearing for the purpose of providing emergency health care."  29 C.F.R. § 94.52(c).

Whether contributory negligence is an affirmative defense to a claim under the Rehabilitation Act appears to be an issue of first impression.  Nonetheless, the Court cannot identify any reason why a defendant should avoid liability on the basis that the plaintiff caused the health condition that brought him to the

emergency room in the first place. Moreover, because Plaintiffs will have to prove intentional discrimination to obtain compensatory damages, the defense of contributory negligence does not apply.

Specifically, compensatory damages are available in private causes of action brought under the Rehabilitation Act. CTL ex rel. Trebatoski v. Ashland Sch. Dist., 743 F.3d 524, 528 (7th Cir. 2014) (citing Barnes v. Gorman, 536 U.S. 181, 184-85 (2002)). However, to recover compensatory damages, a plaintiff must show intentional discrimination. CTL, 743 F.3d at 528 n. 4; Strominger v. Brock, 592 F. App'x 508, 512 (7th Cir. 2014). While the Seventh Circuit has not yet decided whether discriminatory animus or deliberate indifference is required to show intentional discrimination, the Seventh Circuit has stated that mere negligence is insufficient. Id.

Contributory negligence is not an affirmative defense to intentional conduct. See Restatement (Second) of Torts § 481 ("The plaintiff's contributory negligence does not bar recovery against a defendant for a harm caused by conduct of the defendant which is wrongful because it is intended to cause harm to some legally protected interest of the plaintiff or a third person"); Scott v.

Macy's E., Inc., No. CIV.A.01-10323-NG, 2002 WL 31439745, at *5 (D. Mass. Oct. 31, 2002) ("A § 1981 violation complete with racial discrimination is more akin to an intentional tort, for which contributory negligence is not a defense, Restatement (Second) of Torts § 481, than an act of negligence."). Because Plaintiffs will have to show intentional discrimination to recover compensatory damages, it necessarily follows that contributory negligence would not constitute a defense to such intentional conduct.

Moreover, the Americans with Disabilities Act is substantially similar to the Rehabilitation Act and "precedent under one statute typically applies to the other." See Wash. v. Ind. High Sch. Athletic Ass'n, Inc., 181 F.3d 840, 845 n. 6 (7th Cir. 1999). Several courts have held that contributory negligence is not an affirmative defense to a violation of the Americans with Disabilities Act. See McCune v. Munirs Co., No. 2:12-cv-02733-GEB-EFB, 2013 WL 5467212, at *3 (E.D. Cal. Sept. 30, 2013) (striking the contributory negligence affirmative defense as impertinent because contributory negligence is an affirmative defense to a tort claim and the Plaintiff, who

alleged an ADA claim, had not alleged a tort claim)[1]; see also, e.g., Kohler v. Staples The Office Superstore, LLC, 291 F.R.D. 464, 470 (S.D. Cal. 2013) (striking affirmative defense that the plaintiff or a third party was responsible for any violations and damages in a ADA claim by a disabled plaintiff who encountered barriers to his use of the restroom at a Staples store); Vogel v. Huntington Oaks Delaware Partners, LLC, 291 F.R.D. 438, 442 (C.D. Cal. 2013) (striking affirmative defense of comparative negligence noting that, even if the plaintiff were somehow negligent, that would not absolve the defendant of liability for the ADA claim); but see Ability Hous. of N.E. Fla. v. City of Jacksonville, No. 3:15-cv-1380-J-32PDB, 2016 WL 816586, at *3 (M.D. Fla. March 2, 2016) (in light of the lack of binding precedent, the court refused to strike contributory negligence affirmative defense to ADA and Fair Housing Act claims).

     For all these reasons, Plaintiffs' Motion to Strike is granted. This decision does not, however, affect St. John's ability to introduce evidence that may be relevant to rebut Plaintiffs' claims

---

[1] The Court reviewed the complaint in the McCune case on the Public Access to Court Electronic Records to confirm that the claim involved the ADA.

that St. John's alleged intentional discrimination caused Plaintiffs damage.

## V. CONCLUSION

For the reasons stated, Plaintiffs' Motion to Strike Affirmative Defense (d/e 9) is GRANTED.

ENTER: October 11, 2016

FOR THE COURT:

                              s/Sue E. Myerscough
                              SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE